

**The following constitutes the ruling of the court and has the force and effect therein described.**

Signed April 21, 2010

United States Bankruptcy Judge

---

BARRETT DAFFIN FRAPPIER TURNER & ENGEL, LLP
1900 ST. JAMES PLACE SUITE 500
HOUSTON, TX 77056
(713) 621-8673

Attorney for U.S. BANK, N.A. IT'S SUCCESSORS AND/OR ASSIGNS

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 09-70438-HDH-13 |
| DAVID BRADLEY COLLINS and MELISSA ALANE COLLINS, | § § § | |
|    Debtor | § | CHAPTER 13 |
| U.S. BANK, N.A. IT'S SUCCESSORS AND/OR ASSIGNS, | § § § | |
|    Movant | § | HEARING DATE: 04/21/2010 |
| v. | § | TIME: 11:00 AM |
| DAVID BRADLEY COLLINS and MELISSA ALANE COLLINS; WALTER O'CHESKEY, Trustee | § § § | |
|    Respondents | § | JUDGE HARLIN D. HALE |

**AGREED ORDER CONDITIONING AUTOMATIC STAY AS TO DEBTOR**

Came on for consideration the Motion for Relief from Stay, filed by U.S. BANK, N.A. IT'S SUCCESSORS AND/OR ASSIGNS, (hereinafter "MOVANT"), a secured creditor in the above entitled and numbered cause. The Court, having considered said Motion and the agreement of Counsel, is of the opinion that the following Agreed Order should be entered. It is therefore, **ORDERED, ADJUDGED, AND DECREED** that:

1. **Automatic Stay:** The Automatic Stay provided by 11 U.S.C. § 362 shall remain in effect, except as provided below.

2. **Current Monthly Payments:** Debtor shall continue to remit to the Movant the regular post-petition monthly payments beginning May 1, 2010, and continue said payments thereafter pursuant to that certain Note and Deed of Trust dated August 15, 2007. Said payments shall be paid to Movant at:

> U.S. BANK, N.A
> 4801 FREDERICA ST BOX 20005
> OWENSBORO, KY 42301

3. **Modify Plan:** Debtor shall have 30 days from the date of the hearing or before May 21, 2010 to modify Debtor's Chapter 13 Plan to include all post-petition arrearages and attorney's fees and costs in the total amount of $8,923.39 to be paid by the Chapter 13 Trustee through the Debtor's Chapter 13 Plan. Said total amount consists of post-petition payments for the months of October 1, 2009 through April 1, 2010 and additional fees and costs detailed as follows:

| | | |
|---|---|---|
| Monthly Payment Amount | $1,295.79 X 7 | $9,070.53 |
| Late Charges | $50.84 X 7 | $355.88 |
| Attorney's Fees & Costs | | $0.00 |
| Other Fees & Costs | | $140.00 |
| Amount Due | | $9,566.41 |
|   Payment Received | | $0.00 |
|   Payment to be Received | | $0.00 |
|   Debtor Suspense | | $643.02 |

Total Balance Due Less Payment Received                  $8,923.39

      The "Post-Petition Arrearage" specified herein shall constitute an additional arrearage claim filed by Movant ("Additional Claim") in the bankruptcy proceeding and is hereby allowed by the Court. If the Chapter 13 plan has been previously confirmed by the Court under 11 U.S.C. Section 1325 ("Confirmed Plan"), Debtor shall promptly modify the Plan, and the Chapter 13 Trustee shall make no distributions to Movant on the Additional Claim until Debtor has filed a modification of the Confirmed Plan pursuant to 11 U.S.C. Section 1329 ("Post-Confirmation Modification"), served the Post-Confirmation Modification on all parties in interest entitled to notice, and obtained an Order from the Court approving the Post-Confirmation Modification. If the Plan has not been previously confirmed by the Court, the Debtor shall promptly modify the Plan prior to confirmation pursuant to 11 U.S.C. Section 1323 to provide for the Additional Claim

4. **Payments to Trustee**: Debtor shall remit to the Trustee the monthly payment provided for under the Debtor's Plan. Debtor shall bring current all delinquent and outstanding payments owed to the Trustee, if applicable, within 30 days of the date the Order is signed by the Bankruptcy Judge.

5. **Discharge:** Notwithstanding any provisions hereof, the Automatic Stay of 11 U.S.C. §362 shall terminate, if not sooner terminated, upon entry of the Order of Discharge.

6. **Conversion to Chapter 7**: The payment terms of this Agreed Order shall not survive upon conversion to a case under Chapter 7 of the Code. In the event of conversion, Movant shall not be bound by the payment schedule of this Agreed Order. Upon conversion of this case to a Chapter 7 case, all pre-petition and post petition delinquent payments, fees, and charges due under the Note and Deed of Trust shall become immediately payable to Movant, and failure to

bring the loan contractually current by the date of entry of the conversion order shall be an event of default under the Default Paragraph of this Agreed Order.

7. **Effect of Non-sufficient Funds**: Tendering of a check to Movant by Debtor which is subsequently returned due to non-sufficient funds in the account upon which the check is drawn or due to any other reason shall not constitute a payment as required by the terms of this order and is an event of default.

8. **Default**: In the event Movant does not receive any payments by the dates set forth in the Current Monthly Payments Paragraph or if the Debtor fails to timely modify the Chapter 13 Plan as set forth in the Modify Plan Paragraph or Debtor does not remit the payment set forth in the Payments to Trustee Paragraph above, or in the event Debtor converts to Chapter 7 as set forth in the Conversion to Chapter 7 Paragraph, Movant shall send written notice by Regular Mail and by Certified Return Receipt Requested Mail, postage prepaid, to Debtor, Counsel for Debtor, and allow Debtor a 10-day period from the date of such written notice to cure such delinquent payments. Cure payments must be made by certified funds only and Movant may charge Debtor $50 for any notice given pursuant to this Order. In the event Debtor fails to cure such delinquent payments within such 10-day period or in the event Debtor becomes delinquent after **two (**2**) notices of default**, the Automatic Stay of 11 U.S.C. §362 shall terminate as to the Movant without further recourse to this Court and Movant shall be allowed to take any and all steps necessary to exercise any and all rights it may have in the collateral described as follows:

> LOT NUMBER FOURTEEN (14) AND THE EAST TEN FEET (E 10') OF LOT NUMBER FIFTEEN (15), BLOCK NUMBER FOUR (4), EDGEMERE SOUTH, AN ADDITION TO THE CITY OF WICHITA FALLS, WICHITA COUNTY, TEXAS, ACCORDING TO PLAT OF RECORD IN VOLUME 7, PAGE 31, WICHITA COUNTY PLAT RECORDS.

IT IS FURTHER STIPULATED that the parties agree that Movant may immediately enforce and implement this Order granting relief from the automatic stay and that the provision of Rule 4001(a) (3), Federal Rules of Bankruptcy Procedure, shall not impede the enforcement and implementation of this Order.

Additionally, upon default, Movant shall notify the Court, Debtor, Attorney for Debtor, and the Chapter 13 Trustee that the Automatic Stay has been terminated.

**IT IS SO ORDERED.**

### END OF ORDER ###

APPROVED AS TO FORM AND SUBSTANCE:

BARRETT DAFFIN FRAPPIER
TURNER & ENGEL, LLP

BY:   /s/ CHERI ABBAGE

| | |
|---|---|
| CHERI ABBAGE | MONTE J WHITE |
| TX NO. 24010302 | 1106 BROOK AVENUE |
| 1900 ST. JAMES PLACE SUITE 500 | WICHITA FALLS, TX  76301 |
| HOUSTON, TX 77056 | |
| Telephone: (713) 621-8673 | ATTORNEY FOR DEBTORS |
| Facsimile: (972) 386-7673 | |
| E-mail:  NDECF@BDFGROUP.COM | |
| ATTORNEY FOR MOVANT | |

MARC MCBEATH FOR
WALTER O'CHESKEY, TRUSTEE

IT IS FURTHER STIPULATED that the parties agree that Movant may immediately enforce and implement this Order granting relief from the automatic stay and that the provision of Rule 4001(a) (3), Federal Rules of Bankruptcy Procedure, shall not impede the enforcement and implementation of this Order.

Additionally, upon default, Movant shall notify the Court, Debtor, Attorney for Debtor, and the Chapter 13 Trustee that the Automatic Stay has been terminated.

**IT IS SO ORDERED.**

### END OF ORDER ###

APPROVED AS TO FORM AND SUBSTANCE:

BARRETT DAFFIN FRAPPIER
TURNER & ENGEL, LLP

BY: /s/ CHERI ABBAGE
CHERI ABBAGE
TX NO. 24010302
1900 ST. JAMES PLACE SUITE 500
HOUSTON, TX 77056
Telephone: (713) 621-8673
Facsimile: (972) 386-7673
E-mail: NDECF@BDFGROUP.COM
ATTORNEY FOR MOVANT

MONTE J WHITE
1106 BROOK AVENUE
WICHITA FALLS, TX 76301

ATTORNEY FOR DEBTORS

WALTER O'CHESKEY, TRUSTEE

X _____

AOCS.doc-71/AO-AP,Y/Northern/WICHITA FALLS/00000001632975					Page 5

AOCS.doc-71/AO-AP,Y/Northern/WICHITA FALLS/00000001632975					Page 6

IT IS FURTHER STIPULATED that the parties agree that Movant may immediately enforce and implement this Order granting relief from the automatic stay and that the provision of Rule 4001(a) (3), Federal Rules of Bankruptcy Procedure, shall not impede the enforcement and implementation of this Order.

Additionally, upon default, Movant shall notify the Court, Debtor, Attorney for Debtor, and the Chapter 13 Trustee that the Automatic Stay has been terminated.

**IT IS SO ORDERED.**

### END OF ORDER ###

APPROVED AS TO FORM AND SUBSTANCE:

BARRETT DAFFIN FRAPPIER
TURNER & ENGEL, LLP

BY: /s/ CHERI ABBAGE

| | |
|---|---|
| CHERI ABBAGE | MONTE J WHITE |
| TX NO. 24010302 | 1106 BROOK AVENUE |
| 1900 ST. JAMES PLACE SUITE 500 | WICHITA FALLS, TX 76301 |
| HOUSTON, TX 77056 | |
| Telephone: (713) 621-8673 | ATTORNEY FOR DEBTORS |
| Facsimile: (972) 386-7673 | |
| E-mail: NDECF@BDFGROUP.COM | |
| ATTORNEY FOR MOVANT | |
| | /s/ Marc McBeath |
| | WALTER O'CHESKEY, TRUSTEE |